# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3465

_____

Guy Carpenter & Company, Inc.,      *
                                    *

            Appellant,      *

                                    *

     v.                      *    Appeal from the United States
                                    *    District Court for the

John B. Collins Associates, Inc.;    *    District of Minnesota.
Stephen Underdal; Todd Mockler;   *    [UNPUBLISHED]
Randy Floden; Robert Roehrig;    *
Hannah Kuhn,                  *

                                    *

            Appellees.      *

_____

Submitted: May 1, 2006
Filed: May 15, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

When four clients followed five employees to a competing firm, Guy Carpenter & Company, Inc. (Carpenter) sued to enforce non-solicitation agreements between two of the former employees, Stephen Underdal and Todd Mockler, and Carpenter's predecessor. Carpenter sought to enjoin Underdal and Mockler from soliciting any of Carpenter's clients and to prevent all five employees from using or disclosing confidential information they obtained while employed with Carpenter. The district court denied the request for a preliminary injunction concluding Carpenter likely

could not enforce the non-solicitation agreements and had failed to show irreparable harm. We affirm in part, vacate the district court's order in part, and remand for further proceedings.

Because "the absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction," Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 n.9 (8th Cir. 1981), we decline to address whether Carpenter can enforce the non-solicitation agreements Underdal and Mockler signed with Carpenter's predecessor. We agree with the district court damages are an adequate remedy for any breach because clients who leave Carpenter can be identified and the damages resulting from the loss of those clients can be calculated. See, e.g., Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987) (indicating a party has not shown irreparable harm if its alleged injuries can be remedied in a suit for money damages). The other damages alleged by Carpenter are speculative at this stage, e.g., Minn. Ass'n of Health Care Facilities, Inc. v. Minn. Dep't of Pub. Welfare, 602 F.2d 150, 154 (8th Cir. 1979) ("[T]he speculative nature of the threatened harm support[s] the denial of injunctive relief."), and thus the district court did not abuse its discretion in denying that part of the request for preliminary injunction which sought to stop Mockler and Underdal from breaching the non-solicitation agreements.

Appellees concede, however, the district court failed to address Carpenter's request to prevent the use or disclosure of its confidential information, and suggest the district court inadvertently dissolved that portion of its preliminary injunction motion. The parties inform us proceedings are underway in the district court to address the request for injunctive relief as it relates to the alleged use or disclosure of confidential information. We therefore vacate the district court's order denying the motion for preliminary injunction as it related to the use or disclosure of confidential information, and remand for further proceedings.

_____